E. WOLFSON and A. Putterman, Plaintiffs,

v.

Irwin SOLOMON et al., Defendants.

No. 71 Civ. 1359.

United States District Court, S. D. New York.

Sept. 5, 1974.

Kaufman, Taylor, Kimmel & Miller, New York City, for plaintiffs; by Stanley L. Kaufman, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant Haskins & Sells; by John L. Warden and Barbara A. Mentz, New York City, of counsel.

Willkie, Farr & Gallagher, New York City, for defendant Hayden Stone, Inc.; by Anthony F. Phillips and Michael C. Lambert, New York City, of counsel.

GURFEIN, District Judge:

## MEMORANDUM

This action begun on March 23, 1971 has previously been declared a class action, Wolfson v. Solomon, 54 F.R.D. 584 (S.D.N.Y.1972). Two classes were designated: (1) of purchasers who bought securities directly from the underwriter on the basis of a registration statement which became effective January 27, 1970, suing under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, and Section 10(b) and Rule 10b–5 of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Section 17 of the Securities Act, 15 U.S.C. § 77q; and (2) of purchasers who bought on the open market similar securities which were not the subject of the registration statement, after January 27, 1970 and until July 2, 1970 (when certain financial disclosures were made) and who are unable, therefore, to avail themselves of a claim under Section 11. The plaintiffs represent both classes.

Extensive discovery has been conducted under the general supervision of the Court. On March 5, 1974 the Securities and Exchange Commission ("SEC") filed complaints in this Court based primarily on violations of Rules 10b–5 and 10b–6 against, among others, defendants Seaboard, Solomon, Coe, Landau and Hayden Stone. These actions resulted in a Final Judgment by consent against Hayden Stone, Inc., 74 Civ. 1014 MIG, signed by this Court on March 5, 1974.

Pursuant to this Consent Judgment, a fund of $300,000 was ordered to be set

up by Hayden Stone "for the benefit of all purchasers of Units of Seaboard in the public offering of January 27, 1970, who suffered loss thereon. . . ." In an SEC action against Cantor, Fitzgerald & Co., a prospective defendant herein, brought in California, a similar fund of $265,000 was to be set up.

In the aftermath of the actions brought by the SEC, the plaintiffs make four motions: (a) authorizing the filing and service of an amended supplemental complaint pursuant to Fed.R.Civ.P. 15; (b) modifying the class determination pursuant to Fed.R.Civ.P. 23 so that the class shall begin on January 5, 1970; (c) ordering that notice of the pendency of this class action be given pursuant to Rule 23; and (d) ordering that the defendants furnish to plaintiffs copies of all transcripts of testimony and documents taken by the SEC in connection with the SEC's investigation of Seaboard matters since March 31, 1971.

### (a) *Amended Supplemental Complaint*

Based upon the SEC complaints the plaintiffs aver that a meritorious claim for relief exists against the proposed additional defendants, who, in the main, are alleged to have taken part in securities manipulation in connection with Seaboard's 1970 offerings. These additional defendants are Cantor, Fitzgerald & Co., Inc., a broker-dealer; Marshall Cogan, an officer and controlling person of Hayden Stone; Steinhardt, Fine, Berkowitz & Co., a limited partnership; Michael Steinhardt, its managing partner; and Arnold Bernhard & Co., Inc., a registered investment advisor. They are charged with violations of Sections 10(b) and Rule 10b–5.

■ Since the alleged participation of the proposed additional defendants became known only recently through the SEC investigation, I will allow the amended supplemental complaint to be filed since "justice so requires." Fed. R.Civ.P. 15 (though it may not strictly speaking be a "supplemental" complaint). There is no opposition from the present defendants.

### (b) *Modification of Class Determination*

■ The basis for the motion is the statement that the SEC complaints charge an over-the-counter market manipulation of the price of Seaboard's securities by certain defendants several weeks prior to the effective date of the registration. The class will be extended accordingly. Neither Hayden Stone nor Haskins & Sells objects to this relief. The other defendants have taken no position.

### (c) *Notice of Pendency of Class Action*

Though the notice of motion simply asks that notice of the pendency of the class action be ordered, the supporting affidavit also deals with the cost of the notice. It states that "[s]uch notice should be sent by defendant Seaboard or its transfer agent and should be charged to a fund of at least $565,000 which is in the process of being created for the benefit of plaintiff's class by defendant, CBWL–Hayden Stone, Inc. and prospective defendant, Cantor, Fitzgerald & Co., Inc." [1]

The defendants, Hayden Stone and Haskins & Sells, oppose this method of paying for the notice. The plaintiffs specifically disavow seeking to impose the cost of notice upon the defendants. Accordingly, it is not necessary to consider the general question whether the recent decision of the Supreme Court in Eisen v. Carlisle & Jacquelin et al., 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) forbids the imposition of the costs of notice upon the defendants in a case like this which is not an antitrust case.

The issue here is whether the funds created by the SEC actions or the interest earned in such funds may be tapped to pay the costs of notice in this class action.

---

1. Kaufman Affd. at ¶ 13.

Both sides agree that there is no authority specifically on the point.

This leads to a consideration of the interaction of the so-called SEC Funds and this class action. There is the usual incantation denying any admission of guilt in the consent judgment obtained by the SEC. It is further provided that, if any money is left over in the fund above the purchasers' maximum entitlement under the terms of this judgment, "any balance remaining shall be paid to the Securities Investor Protection Corporation or any successor organization as anticipatory fees and dues owing by Hayden Stone." The excess, if any, does not go back to Hayden Stone but is credited to its account in that way.

The basic provisions relating to the setting up of the fund are set forth in the Hayden Stone judgment [2] as follows:

(a) Hayden Stone shall create a Fund aggregating $300,000 by depositing twenty-four equal monthly installments of $12,500. It shall have no further interest, legal or equitable, in the amounts paid in. The Fund is to be invested in certificates of deposit or United States obligations.

(b) The Fund shall be for the benefit of all purchasers of Units of Seaboard in the public offering of January 27, 1970 who suffered a loss thereon and who file appropriate proofs of claim.

(c) All claims meeting these conditions will be paid out of the Fund on a pro rata basis.

(d) Hayden Stone shall mail to each purchaser of Seaboard Units in the January, 1970 offering a notice of the existence of the Fund and a proof of claim form at least 60 days before it makes its last installment payment into the Fund.

(e) Hayden Stone shall have a reasonable time to process and pay the claims.

(f) If there is a factual dispute over the right of a purchaser to participate, it shall be submitted to this Court.

(g) Even if any civil action (i. e., the present action) is settled for less than the amount of the Fund or if Hayden Stone wins on final judgment, claimants under the Fund will still be entitled to be paid their pro rata share from the Fund.

(h) All interest earned by the Fund shall be used to help defray expenses incurred in the administration of the Fund, the costs of mailing notice and proofs of claim, processing proofs of claim and making payments to claimants.

In addition to the provision for turning over any balance to SIPC as dues, noted above, there are provisions subordinating the Fund to the present and future creditors and customers of Hayden Stone.

In essence the Fund is for the benefit of purchasers whether the class in this action wins, loses or settles. Second, the Fund is not yet theirs, however, to be tapped for their benefit, for it is subordinate to creditors. Third, the class in this action and the class provided for in the Consent Judgment are not precisely the same. Fourth, because the Fund was created by consent, it would not be fair to invade it, since the invasion now proposed was never presented to Hayden Stone for approval.

The SEC may well consider making such provisions in future consent judgments, where practical. At the present, I cannot order an invasion of either the interest or principal of the Fund for the sending of notices of the pendency of the class action.

I will approve the sending of a notice if the plaintiffs pay the cost.

(d) *Documents and Transcripts Given to SEC*

The plaintiffs, by this motion, renew their requests previously made that the defendants furnish the plaintiffs with all documents turned over to the SEC in

2. The Court does not have available to it the Cantor, Fitzgerald & Co., Inc. Consent Judgment in California.

the investigation, as well as transcripts of testimony taken by the SEC in connection therewith.

The plaintiffs list, in the reply affidavit of Stanley L. Kaufman (pp. 5–6), the specific subjects concerning which they wish to examine these documents. The subject categories appear to be relevant.

The defendants are directed to supply all documents produced for the SEC bearing *on these subjects*. If there are any documents which it is claimed are not relevant, or are privileged, they may be shown to Magistrate Raby who is familiar with this action and who will rule on such claims.

Hayden Stone has agreed to furnish transcripts of testimony to which it has access. Haskins & Sells has previously advised that it has no objection to complying with plaintiffs' request generally.

Orders pursuant to this opinion shall be submitted by the plaintiffs on ten days' notice to all defendants.

The plaintiffs may similarly submit a Form of Notice to members of the amended classes.